Judge Mills
delivered the Opinion of the Court.
The defendant in error declared against the plaintiff in the court below, in three counts.
In the first, he alleges that he was possessed of an obligation or covenant, executed by John Hooke to Catharine and Meeky Wilson, stipulating to pay them two hundred and fifty dollars, in Commonwealth or State paper; — that Hooke had paid one. half thereof to Catharine, being her proportion, and that Burgess Grady, who had intermarried with Meeky Wilson, and thereby become entitled to what was due on the covenant, assigned the same to him, and that be had surrendered the said bond to Hooke, in consideration that the plaintiff in error promised to pay him one hundred am! twenty five dollars, which was duo thereon, or its equivalent in specie, on the. evenjng of the same day of the contract and surrender aforesaid.
The second count is more summary, but the same in substance as (lie first. It places the time of payment by the plaintiff in error as fixed by the contract, the evening of the day when the contract was made, and alleges the promise to pay in Commonwealth or State paper, saying nothing of specie.
The- third count alleges that the plaintiff inerror was indebted to the defendant one hundred anlRwenty-fi'e dollars, for the surrender of a covenant, which be, the defendant, held on John Hooke, to the said Hooke,, at the special instance and request of the plaintiff in error, and being so indebted, the plaintiff in error promised to pay him the said sum of money, whensoever afterwards he should be thereunto required.
The parties went to trial on the issue of non as.sumpsit-
The defendant in error gave evidence that John Hooke, sen. and John Hooke, jr. had executed their .covenant or writing, stipulating to pay Catharine- *44 and Meeky Wilson, two hundred and fifty dollars iu Commonwealth or State paper, and that John Hooke, sen. had paid the half thereof to Catharine, being her proportion, and that. Burgess Grady, who had married Meeky, then assigned the note, to him, and that he had surrendred it to said John Hooke, sen at the request of the plaintiff in error, and on his promise to pay the next day thereafter, the value of the. paper in specie, which was sixty-two dollars and fifty cents.
Motion for non suit overruled.
Yerdiot and judgment for Flora.
ff is essential to a case to be. included by the statute of frauds &c. that the person for whom the undertaking is made should remain also bound. Wlit-re he is discharged,or was never credited, the promise is valid.
The counsel for plaintiff in error moved the court to 5toverride said evidence,,” or more properly speaking, to non suit the defendant in error, because the evidence did not support the issue. The court overruled this motion, being of opinion that the evidence supported the third count.
The verdict and judgment being rendered against the plaintiff in error, he has brought the case to thin court, and relies on the same point here as one of the grounds to reverse the judgment.
It is insisted that the instructions ought to have been given, because the promise, of the plaintiff in error was to pay the* debt, of Hooke, and as there was no writing, the promise could not sustain the action under the act of assembly to prevent frauds and perjuries.
This ground cannot be sustained. It is essential to a cause to be included by the statute, that the debt the. person, which is secured by the. promise, should still remain, the promise notwithstanding. The statues precludes the possibility of both being bound at thePimc moment. Hence the enquiry is to whom the credit is given, whether to the person contracting or receiving the consideration, or the collateral promisor. If the former is field responsible the latter cannot be bound. If, on the contrary, the latter alone is bound and the whole credit is given to him, and the former not held responsible, the artioif will be against the collateral undertaker alone. So when a debt previously exists, no collateral promise, by another will bind him to pay it, while the original debtor remains bound or is held responsible. Here dirertly the contrary is true — the debt of Hooke was extinguished, by the surrender of his *45 bond to him, the moment that the debt of the plaintiff in error commenced, and surrendering the responsibility- of Hooke became the consideration of the obligation imposed upon the plaintiff in error. There was no collateral undertaking, nor did the debts exist at the same time.
Count that defendant, ia consideration of plaintiff's surrendering an obligation, on A,he promised &c, and proofthat the obligation was on A & B held no variance.
Proof of promise to pay half the sura charged is no variance.
Evidente offered and' rejected.
It is further insisted that the evidence proved the obligation to be executed by John Hooke, sen. and John Httoke, jun. — and the declaration states the writing or covenant was executed by John Hooke, without, naming two of that name, and this is sm h a variance as would justify the nonsuit. We think differently. The declaration is correct as far as it goes. The proof makes it the covenant of John Hooke, and goes further to shew that there was .another also bound. The description in the declaration is not so full as it might have been; but enough is said. It would be absurd to nonsuit, a plaintiff because lie had not stated all he might nave done, when he has stated enough to shew cause of action truly.
It is true, there is this variance between the proof and the first and second counts: The proof stales
the contract to be, a promise to pay in specie, and the first count in paper or its equivalent in specie, and the second in paper only, and each count places the time of payment on the evening of the contract, and the proof fixes it the Saturday following. Whether these variances would or would not be fatal we need not enquire. For we concur with the court below, that the proof fully supports the third count, and between them there is no variance, except the proof makes the sum promised only half as large as-the declaration does, and that never was held a variance in assumpsit.
After the decision of this motion in the court below, the plaintiff in error introduced witnesses, and offered to prove by them, that the same note or covenant which w-as held by the defendant in error, and surrendered.by him to Hooke, had been assigned for a valuable consideration to John Payne, on a separate piece of paper, by the same Burgess Grady, long before it was assigned to the defendant in arbor, and that the defendant in error had notice there *46 of prior to his purchasing’and taking an assignment of the same writing or covenant from Grady; and also that notice in writing of said assignment to Payne had been given to Catharine Wilson, one of' the obligees, to Hooke the principal obligee, and to William S. Wilson, in whose hands the writing had been deposited for safe keeping, before the surrender of it to Hooke, on the promise of the plaintiff in error lo'pay it, as related by the witnesses of the defendant in error; This evidence was objected to 1)3 the counsel for the defendant in error, and rejected by th’e court, first as irrelevant, and secondly, as inadmissible on the issue of non assumpsit, and the propriety of this decision is the remaining question for our consideration.
An assignment under our statute may be made on a separate paper.
Subsequent assignee of a note,with notice of a pri- or transfer on :i separate paper, cannot recover of a third person, on a promise to pay the balance, in consideration of the surrender of the note to obligor accordingly made.
Those facts may be prov od and relied on under •non asswnpfit.
It is clearly settled by former adjudications, that, a note or obligation assignable under our statute may be assigned on a separate piece of paper, and thus the title may be vested completely in the assignee.
It is also true that the defendant in error, by surrendering the note to Hooke, might have surrendered nothing of any value to Hooke, as to any obligation lie had on Hooke — yet he held by the assignment in usual form, (and there is nothing here which shews this assignment of a different character,) a contingent obligation on Grady, which he might coerce against him on pursuing legal recourse against Hooke, and failing therein; which he would also lose by his surrender to Hooke at the instance of the defendant. The right of the defendant in error to recover rests, not on a consideration received 'by the plaintiff, for he received none; but on (he injury sustained by' the defendant, lie lost the right to demand any thing of Hooke by surrendering tho bond; for it is evident that by the assignment after notice of a previous assignment, he could acquire no title to the bond, and in case he had sued Hooke, he might have been easily defeated by Hooke, on shewing that a previous assignee held the title to the bond. But as he also lost the right of recourse against Grady in case of his defeat by Hooke, the onh remaining question is, can this consideration sustain his action? Wo think not,. Grady must. *47 have knowingly committed a fraud in assigning the bond a second time, and the defendant in error must have participated in that fraud on the rights of tho first assignee, by taking his subsequent assignment, knowing of the first, and for this participation in the fraud, his claim ought not to be coerced in this cause against the defendant in error, however strong his claims against his assignor may bo on his fraudulent assignment. It,.therefore, follows that the plaintiff in error ought not to have been precluded from shewing, that the transaction which !ed to his assumpsit was based in a fraud upon the rights of a third person, who was not a party to the suit, as tho evidence offered by him evidently conduced to shew such fraud.
In assumpsit, defendant-may prove liny facts that sherv the consideration was vicious,or that ho is not bound by his promise, under the general issue.
Bibb for plaintiff) Crittenden for defendant.
Nor do we conceive that the issue was too narrow to admit such defence. Under the jilea of non assumpsit, the defendant may attack the consideration, and shew that its character is vicious, or give any matter in evidence which shews him not bound by his promise.
The judgment must, therefore, be reversed, with cost, and the verdict be set aside, and the cause be remanded with directions for new proceedings not inconsistent with this opinion.